United States Court of Appeals
FOR THE EIGHTH CIRCUIT

———————

No. 96-3522

———————

Donald B. Lager,                          *
                                          *
        Plaintiff - Appellant,            *    Appeal from the United States
                                          *    District Court for the
        v.                                *    Southern District of Iowa.
                                          *
Chicago Northwestern                      *
Transportation Company, also              *
known as Chicago & Northwestern           *
Railway Company, also known as            *
Union Pacific Railroad Company;           *
Union Pacific Railroad Company,           *
                                          *
        Defendants - Appellees.           *


———————

Submitted:  April 15, 1997

Filed:  August 6, 1997

———————

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

———————


HANSEN, Circuit Judge.

Donald Lager appeals the district court's[1] grant of summary judgment to defendants in his personal injury claim filed pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1994).  We affirm.

Donald Lager, a trainman employed by the Union Pacific Railroad Company (the railroad), brought this cause of action as a result of an alleged assault and battery against him by a co-employee, Raymond Bradish.  One of Lager's theories of recovery was that the railroad negligently failed to prevent reasonably foreseeable injury to Lager.  Lager claims the injury was reasonably foreseeable because the railroad knew of Bradish's alleged violent propensities.  The railroad moved for summary judgment, contending that it lacked knowledge of any such propensity possessed by Bradish and the assault was therefore not reasonably foreseeable.  The district court granted the railroad's motion.

We review a grant of summary judgment de novo, using the same standard under Rule 56(c) of the Federal Rules of Civil Procedure applied by the district court.  Iverson v. Southern Minn. Beet Sugar Coop., 62 F.3d 259, 262 (8th Cir. 1995).  Under Rule 56(c), summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Lager claims the railroad knew of Bradish's alleged violent tendencies because of a verbal incident that occurred prior to the altercation between Lager and Bradish. The verbal incident involved a yardmaster and Bradish.  Against the company's rules, Bradish went up into the yardmaster's tower to protest a work assignment.  According to Lager, Bradish threatened to throw the yardmaster out of the windowed tower, which

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2

was five stories high. Although both Bradish and the yardmaster testified in their depositions that they did not recall such a threat, Lager contends the threat did indeed occur. Lager argues that Bradish's and the yardmaster's memories of other details surrounding the incident are evidence that they are not telling the whole story when they say they do not recall any threat.

The Supreme Court has recognized a liberal rule for testing the sufficiency of the evidence with regard to directed verdicts in FELA cases. Lavender v. Kurn, 327 U.S. 645, 653 (1946). The Court's discussion applies equally well in the summary judgment context. The Court stated "only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where . . . there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion." Id. Although Lager seems to advocate as much, the Supreme Court did "not hold [in Lavender] that a jury question is presented in every [FELA] case." Wolfe v. Henwood, 162 F.2d 998, 1001 (8th Cir.), cert. denied, 332 U.S. 773 (1947). "The plaintiff must still establish negligence of [a] defendant as a contributing cause of injury." Id. See also Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506-07 (1957) (explaining that a jury question is presented under FELA when a reasonable person might conclude that the employer's negligence played a part in the employee's injury).

The district court correctly determined that Lager's evidence is insufficient as a matter of law. "`[R]easonable foreseeability of harm is an essential ingredient of [FELA] negligence.'" Bissett v. Burlington Northern R.R., 969 F.2d 727, 729 (8th Cir. 1992) (quoting Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 117 (1963)). Lager's theory of reasonable foreseeability rests on his claim that the railroad should have known of Bradish's alleged propensity for violence. The only incident Lager cites to show the railroad should have known of Bradish's violent nature is the yardmaster-tower incident. The evidence in the record regarding that confrontation is insufficient to support Lager's claim, because it supports neither Lager's version of the pertinent

3

facts nor his assertion that Bradish demonstrated a violent propensity. Lager's only other relevant evidence is that Bradish is a big man who has earned a reputation amongst some railroad employees as a bully with violent tendencies. Lager has adduced no facts, however, that would support an inference that the railroad was aware of this reputation. Absent a reasonable inference that the railroad was aware of Bradish's alleged violent tendencies, a jury would have no evidence from which to conclude that Bradish's alleged assault and battery on Lager was reasonably foreseeable by the railroad. Lager's FELA claim therefore fails as a matter of law. Cf. Vidlak v. Burlington Northern R.R., 16 F.3d 1229 (8th Cir. 1993) (affirming grant of summary judgment to railroad because of insufficient evidence that railroad could have reasonably foreseen plaintiff's injury).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4