# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 00-6054 WM

---

In re:   JOSEPH A. MAY,             *
                                    *
                                    *
         Debtor.                    *
                                    *
                                    *
JOSEPH A. MAY,                      *        Appeal from the United States
                                    *        States Bankruptcy Court for the
         Plaintiff Appellant,       *        Western District of Missouri
                                    *
    v.                              *
                                    *
MISSOURI DEPARTMENT OF              *
REVENUE AND THE UNITED STATES       *
OF AMERICA                          *
                                    *
         Defendant Appellees.       *

---

Submitted: July 31, 2000
Filed: August 15, 2000

---

Before KRESSEL, SCOTT, and DREHER, Bankruptcy Judges.

---

SCOTT, Bankruptcy Judge

# I.

In 1979, Joseph May, D.D.S., decided that he was not subject to the tax laws, attempted to revoke his social security number, and stopped filing tax returns. From 1980 to 1983, each April 15, May would go to the Post Office in his home town and hold a flag and sign which said that taxes are not fair and that there is nothing in the Internal Revenue Code that requires a person to file a tax return. He ceased this activity only because he was ignored by persons filing their tax returns. In addition to his general disagreement with the tax laws, he took many affirmative steps to evade the payment of any taxes. He closed his bank accounts and made all payments to creditors, to the extent possible, using cash. He used his secretary's bank account, opened bank accounts in the names of Basic Bible Church of America and Phoenix Futures, and paid bills using checks written to him by his patients, endorsing them to third parties. All of his property was held in the name of other persons and entities, including his wife,[1] whom he divorced in 1983, but with whom he continued to reside, after allegedly living apart for one to three months. Following their divorce, the Mays had three children. They married again, in a religious ceremony, when it appeared that his wife would be called to testify at his criminal trial.

In 1993, May was arrested and incarcerated in connection with a pending criminal tax case. In January 1994, May pleaded guilty to five counts of willful failure to file federal income tax returns. Pursuant to the plea agreement, May was ordered to file his federal income tax returns no later than 180 days after his release and to thereafter file all future tax returns in a timely manner. May filed his past due federal income tax returns, although beyond the 180 days required by the district court. The return due on April 15 of that year was also filed late. May made four payments for past due taxes totaling $2,000 in 1995, five payments totaling $2,200 in 1996, and one payment of $4,000 in 1999.[2] May admits the only reason that he filed the returns is because he was ordered to do so.

On July 6, 1999, May filed a chapter 7 petition and, thereafter, a complaint to determine dischargeability of the taxes owed to the United States and the State of Missouri for the 1985 through 1994

---

[1]The United States District Court for the Western District of Missouri held in Scoville v. United States, 1991 WL 1424995 (W.D. Mo. Dec. 3, 1999), that Glenda Scoville, May's "wife" was May's nominee with respect to the farm property on which they resided.

[2]Other credits were applied to the 1988 and 1989 taxable years but are the subject of an appeal. See Scoville v. United States, No. 00-1787 (8th Cir.).

taxable years. The United States and the State of Missouri each filed an answer to the complaint. Upon the debtor filing a motion for summary judgment against both defendants, the United States filed a cross motion for summary judgment, asserting that the taxes were nondischargeable pursuant to section 523(a)(1)(C). The State of Missouri did not respond to the motion. The bankruptcy court[3] found the evidence to be overwhelming that the debtor wilfully attempted to evade or defeat the taxes and, thus, the taxes were not dischargeable. In addition, the bankruptcy court dismissed the State of Missouri as a party defendant inasmuch as it was protected from suit by Eleventh Amendment sovereign immunity. The debtor appeals only the nondischargeability determination for tax years 1990, 1991, 1992 and 1993, asserting that the United States "did not prove any material facts disclosing civil fraud for those tax years." The United States does not dispute that the taxes for the 1994 taxable year are dischargeable and the debtor does not dispute that the taxes for the years 1985 through 1989 are nondischargeable.[4]

## I I.

We review the grant of a motion for summary judgment, de novo, using the same standard under Rule 56(c) of the Federal Rules of Civil Procedure applied by the bankruptcy court. Lager v. Chicago Northwestern Transportation Co., 122 F.3d 523 (8th Cir. 1997). Under Rule 56(c), summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Meyers v. Internal Revenue Service (In re Meyers), 196 F.3d 622 (6th Cir. 1999)(affirming summary judgment in section 523(a)(1)(C) dischargeability action).

The United States was required to demonstrate that the taxes are nondischargeable by a preponderance of the evidence, Grogan v. Garner, 498 U.S. 279 (1991), not by clear and convincing evidence, as asserted by the appellant May. See In re Griffith, 206 F.3d 1389, 1396 (11th Cir. 2000); Brackin v. United States (In re Brackin), 148 B.R. 953 (Bankr. N.D. Ala. 1992). The debtor did not and does not contest the facts established by the United States, either below or on appeal.

---

[3]The Honorable Frank W. Koger, Chief United States Bankruptcy Judge for the Western District of Missouri.

[4]Indeed, since the debtor pleaded guilty to criminal tax charges regarding those years, contesting the dischargeability would be futile.

Inasmuch as we, too, find the evidence to be overwhelming, and the conclusion that May wilfully attempted to evade or defeat his taxes, inescapable, we affirm.

III.

Section 523(a)(1)(C) of the Bankruptcy Code provides that a discharge in bankruptcy does not discharge an individual debtor from any debt with respect to which the debtor "wilfully attempted in any manner to evade or defeat such tax." Thus, there is a conduct element as well as intent element to the statute. Matter of Birkenstock, 87 F.3d 947 (7th Cir. 1996). If a debtor is aware of the duty to pay his taxes, has the wherewithal to pay the taxes[5] and takes steps to avoid paying them, there is a willful attempt to evade or defeat the tax. Factors which indicate an intent to evade tax obligations include understatements of income, failure to file tax returns, implausible or inconsistent behavior by the taxpayer, the failure to cooperate with the tax authorities, concealment of assets, dealing in cash, shielding income and otherwise frustrating collection efforts. Teeslink v. United States (In re Teeslink), 165 B.R. 708, 716 (Bankr. S.D. Ga. 1994). A finding under section 523(a)(1)(C) may encompass various schemes, including concealment by which tax evasion may be accomplished. Conduct aimed at concealing income and assets constitutes a willful attempt to evade or defeat taxes. Bruner v. United States (In re Bruner), 55 F.3d 195 (5th Cir. 1995). Moreover, a taxpayer's later conduct does not nullify earlier willful attempts to defeat or evade the taxes. Meyers v. Internal Revenue Service (In re Meyers), 196 F.3d 622 (6th Cir. 1999); see Badaracco v. Commissioner, 464 U.S. 386, 394 (1984)("[A] taxpayer who submits a fraudulent return does not purge the fraud by subsequent voluntary disclosure; the fraud was committed, and the offense completed, when the original return was prepared and filed.").

May engaged in so many evasive tactics, structuring all of his personal and business transactions and even his marital status to that end, that the only possible conclusion is that May wilfully attempted to evade or defeat payment of his taxes. May was aware of his duty to pay taxes as demonstrated by the fact that he filed federal income tax returns until 1979 and, as evidenced by the documentation appended to the United States motion for summary judgment, May's failure to deny any of the statements of fact. May had the ability to pay his taxes for the years at issue. Moreover, the record evidence overwhelmingly confirms

_____

[5]A subsequent inability to pay is not a defense to previous intentional attempts to evade or conceal tax liabilities. Matter of Birkenstock, 87 F.3d 947, 953 (7th Cir. 1996)("An inability to pay one's debts is the defining characteristic of almost all debtors who file for bankruptcy....[E]ven the most dishonest bankrupt can demonstrate an inability to pay his debts.")

4

that May took steps to evade paying his federal income taxes. Indeed, May does not seriously dispute the essential issue before the bankruptcy court: that he wilfully attempted to evade or defeat the taxes.

Rather than disputing the facts, arguing that summary judgment is improper, or even that the bankruptcy court's legal conclusion of nondischargeability was in error, May ignores the statutory requirements at issue under section 523(a)(1)(C) and instead argues that his fraud was not material because it did not deceive the Internal Revenue Service. Looking to section 6651 of the Internal Revenue Code which imposes a fraud penalty, May asserts that he appeals only the determination as to the findings of fraud. An element of fraud, he posits, is the materiality of the conduct. Materiality, under United States v. Neder, 527 U.S. 1 (1999), exists only if it is capable of influencing the IRS, i.e., affects its ability to collect the income tax liability.

May's argument is not well taken. United States v. Neder was a criminal case in which defendant was charged with filing a false federal income tax return, 26 U.S.C. § 7206, in which materiality was an element under the statute, and mail fraud, wire fraud, and bank fraud, 18 U.S.C. §§ 1341, 1343, 1344. The Supreme Court held that materiality was also an element of those criminal counts and thus the trial court erred in failing to submit the issue of materiality to the jury on each of the offenses. Neder does not require, as May appears to argue, that the common law elements of fraud be considered in determining whether the tax debts are nondischargeable. The case has no application to section 523(a)(1)(C) and, indeed, section 523(a)(1)(C) does not even require a falsehood as an element.

Although the willful attempt to evade taxes may be a similar issue, and include many of the same indicia, fraud is not at issue. Indeed, the United States conceded early in the proceeding that the civil fraud penalties were dischargeable in this chapter 7 case. The focus of the statute pertinent to the adversary proceeding filed in the bankruptcy court is whether May wilfully attempted to evade or defeat the taxes. The bankruptcy court reviewed extensive facts submitted by the United States and those facts were not controverted. The inescapable conclusion is that May wilfully attempted to evade and defeat the taxes such that the taxes are nondischargable pursuant to 11 U.S.C. § 523(a)(1)(C).

IV.

In addition to determining that the taxes were nondischargeable, the bankruptcy court, sua sponte, raised the issue of whether the State of Missouri was immune from suit under the Eleventh Amendment. On appeal, the debtor does not expressly contest any determination that sovereign immunity may be

applicable. Rather, the debtor challenges the bankruptcy court's determination that the State of Missouri did not waive sovereign immunity.

Courts are obligated to examine their own jurisdiction and subject matter jurisdiction may be raised at any time, by a party or the court, sua sponte. Thus, it is well settled that a court may raise the issue of a state's immunity from suit at any juncture of the proceeding. See California Franchise Tax Board v. Jackson (In re Jackson), 184 F.3d 1046, 1048 (9th Cir. 1999); cf. Florida Department of State v. Treasure Savlors, 458 U.S. 670, 683, n.18 (1982)("[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar that it may be raised at any point of the proceedings."); Patsy v. Board of Regents, 457 U.S. 496, 515 n.19 (1982)("Eleventh Amendment sovereign immunity is jurisdictional in the sense that it must be raised and decided by the Court on its own motion.")(emphasis added). Thus, the bankruptcy court properly raised the issue.

Having raised the issue, the bankruptcy court determined that, indeed, the state was immune from suit since it had not waived its Eleventh Amendment sovereign immunity. It is uncontroverted that the state did not file a proof of claim in the bankruptcy case. The only possible inference that there is a waiver arises from the fact that the state filed an answer in response to the complaint. Of course, if the state asserted sovereign immunity as a defense in its answer, there is no waiver. However, the answer is not in the record and we have only before us the fact that an answer was filed.

In order for a wavier to exist, the state must unequivocally express its consent to federal jurisdiction. For example, a state may waive sovereign immunity by filing a proof of claim in the bankruptcy case. See Rose v. United States Department of Education (In re Rose), 187 F.3d 926 (8th Cir. 1999). The Eighth Circuit Court of Appeals has opined, in dicta, that "active participation" in a dischargeability proceeding and belated assertion of sovereign immunity are factors which may be relevant to the issue of waiver, citing Hill v. Blind Indus. & Servs., 179 F.3d 754, 759-60 (9th Cir. 1999), amended on denial of reh'g, 201 F.3d 1165 (9th Cir. 2000). In re Rose, 187 F.3d at 930 n.7. Further, the rule that may be derived from the case authority cited by May is that for there to be a waiver of sovereign immunity in a proceeding, there must be an affirmative request for relief, such as a counterclaim or third-party complaint, Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Authority, 744 F.3d 880, 885 (1st Cir. 1984), or state intervention in the lawsuit, Cobb Coin Co., Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel, 549 F. Supp. 540, 556 & n.16 (S.D. Fla. 1982). In this instance, however, the state apparently did no more than file an answer; the state did not respond to May's motion for summary judgment. The mere filing of an answer

may not be an express waiver of sovereign immunity, even if the answer fails to raise sovereign immunity as a defense or admits to the dischargeability of a claim. <u>Mitchell v. Franchise Tax Board</u> (<u>In re Mitchell</u>), 209 F.3d 1111, 1118 (9th Cir. 2000). Accordingly, the bankruptcy court did not err by dismissing the State of Missouri as a party defendant to the adversary proceeding.

For the foregoing reasons, the decision of the bankruptcy court is affirmed in all respects.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT