**In re Orville L. PETERSEN, Debtor.**

**United States of America (Internal Revenue Service), Plaintiff,**

**v.**

**Orville L. Petersen, Defendant.**

**Bankruptcy No. 03–01548S.**
**Adversary No. 03–9197S.**

United States Bankruptcy Court, N.D. Iowa, Western Division.

March 23, 2004.

Donald H. Molstad, Sioux City, IA, for Debtor.

Tax Attorney U.S. Department of Justice, Joan S. Ulmer, U.S. Dept. of Justice, Washington, D.C., for Plaintiff.

Donald H. Molstad, Sioux City, IA, for Defendant.

*ORDER RE: MOTION FOR SUMMARY JUDGMENT*

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is plaintiff's motion for summary judgment. Hearing was held March 16, 2004 in Sioux City. Attorney Joan S. Ulmer, U.S. Department of Justice, appeared for plaintiff United States, on behalf of the Internal Revenue Service. Donald H. Molstad appeared for defendant Orville Petersen. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

On September 5, 2003, the United States filed a complaint to deny the debtor his discharge pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(4) or, in the alternative, to determine that his debt to the United States is nondischargeable under 11 U.S.C. § 523(a)(1)(C). The debt at issue is an unsecured income tax liability incurred in 1999 when Petersen realized a capital gain on the sale of real property. The following facts are undisputed:

1. The principal amount of the tax liability is $64,230. The tax was assessed against Petersen on April 15, 2000. As of June 2, 2003, the balance due on the tax, including penalties and interest, was $96,969.59.

2. Orville Petersen and Shirlee Petersen are husband and wife.

3. On March 1, 1954, Orville Petersen purchased from his parents, Tom and Clara Petersen, two parcels of real property, more fully described as follows:

Parcel 1:

The Northwest Quarter (NW 1/4) of Section Thirty-three (33), Township Eighty-seven (87) North, Range Forty-two (42), West of the 5th P.M., Woodbury County, Iowa.

Parcel 2:

The North Sixty-five (65) acres of the Northeast Quarter (NE 1/4) of Section Thirty-three (33), Township Eighty–Seven (87) North, Range 42, West of the 5th P.M., Woodbury County, Iowa.

4. Between 1953 and 1999 when the property was sold, both Orville and Shirlee Petersen were actively involved in operating their farm on the real property described above as Parcels 1 and 2. The farmland was mortgaged to Heritage Bank and to the Farm Service Agency. Both Orville and Shirlee were liable on those debts.

5. On May 26, 1978, Orville Petersen deeded Parcel 2 to his wife, Shirlee Petersen, for no cash consideration.

6. On January 22, 1999, Shirlee Petersen conveyed Parcel 2 to Orville Petersen, and Orville conveyed 10 acres of Parcel 1 to Shirlee. The 10 acres included Orville and Shirlee Petersen's homestead. No cash was exchanged as part of these transfers.

7. On March 25, 1999, Orville Petersen sold Parcel 2 and all of Parcel 1 except the 10 homestead acres to Steven J. Boyle and Judy L. Boyle for approximately $369,000. All proceeds of the sale to Steven and Judy Boyle were paid directly to the Farm Service Agency and to Heritage Bank. Orville Petersen received no cash proceeds from the sale of the farm real property.

8. For tax year 1999, Orville Petersen filed a Form 1040 return using the "married filing separately" tax status. Orville and Shirlee Petersen filed joint returns for tax years 1998, 2000, 2001 and 2002.

9. In 2000, Orville Petersen made an offer in compromise to settle the tax liability, but the offer was not accepted.

10. On April 23, 2003, Orville Petersen filed a Chapter 7 bankruptcy petition. He did not list an interest in the homestead on his bankruptcy schedule of real property.

11. In June 2003, Orville Petersen reaffirmed debt secured by a mortgage on the homestead property. He also reaffirmed two farm leases.

## Discussion

The United States asks for summary judgment denying Petersen's discharge pursuant to 11 U.S.C. § 727 or, in the alternative, determining that his tax liability is excepted from his discharge under 11 U.S.C. § 523. A party may obtain summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in adversary proceedings by Fed.R.Bankr.P. 7056.

■ The United States contends that Petersen should be denied a discharge under § 727(a)(2) for concealment of transfers of interests in property and concealment of a beneficial interest in his homestead, with intent to hinder, delay or defraud creditors. The United States claims also that Petersen's discharge should be denied under § 727(a)(4) for knowingly and fraudulently making a false oath by failing to list his beneficial interest in the homestead in his bankruptcy schedules. Petersen denies that he acted with fraudulent intent. The issue of intent is central to the government's theories. Therefore, summary judgment is inappropriate on the claim for denial of discharge. *United States v. Taber Extrusions, LP*, 341 F.3d 843, 846 (8th Cir. 2003).

■ The United States argues that Petersen's tax liability is nondischargeable under § 523(a)(1)(C) as a debt with respect to which Petersen "willfully attempted in

any manner to evade or defeat such tax." The United States argues that Petersen's entire course of conduct was a scheme to conceal assets and defeat collection of his tax liability.

 Section 523(a)(1)(C) contains a conduct element and an intent element. *May v. Missouri Dept. of Revenue (In re May)*, 251 B.R. 714, 718 (8th Cir. BAP 2000), *aff'd*, 2 Fed.Appx. 681 (8th Cir. 2001). "If a debtor is aware of the duty to pay his taxes, has the wherewithal to pay the taxes and takes steps to avoid paying them, there is a willful attempt to evade or defeat the tax." *Id.* Nonpayment of a known tax liability is not sufficient, in itself, to except the tax debt from a debtor's discharge. *Matter of Birkenstock*, 87 F.3d 947, 951 (7th Cir.1996).

> Factors which indicate an intent to evade tax obligations include understatements of income, failure to file tax returns, implausible or inconsistent behavior by the taxpayer, the failure to cooperate with the tax authorities, concealment of assets, dealing in cash, shielding income and otherwise frustrating collection efforts. A finding under section 523(a)(1)(C) may encompass various schemes, including concealment by which tax evasion may be accomplished. Conduct aimed at concealing income and assets constitutes a willful attempt to evade or defeat taxes.

*In re May*, 251 B.R. at 718 (citations omitted).

In resistance to the government's motion, Petersen contends that the real property transfers between himself and his wife were made for adequate consideration and that they were made on the advice of tax professionals. He states that the sale of property to third parties was for business reasons and at the request of the Petersens' secured lender. The proceeds of the sale were sufficient to pay the first mortgage of the Farm Service Agency in full and a portion of Heritage Bank's second mortgage. Farm Service Agency made a new loan of $120,000, secured by the homestead and farm equipment, to pay off the second mortgage so that the sale could close. Petersen states that he paid the Iowa capital gain tax on the sale, but was unable to pay the federal tax liability. He states that a full disclosure of the facts of the real property transfers was made at the time of the offer in compromise.

The court concludes that Petersen has identified genuine issues for trial, including whether he had an intent to evade his tax obligations, and the motion for summary judgment must be denied. Fed.R.Civ.P. 56(e).

IT IS ORDERED that the motion for summary judgment is denied.