Walter W. BORLAND, II,
Plaintiff–Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 00–1854.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

Before JONES and MOORE, Circuit Judges; HAYNES,* District Judge.

OPINION

MOORE, Circuit Judge.

Plaintiff–Appellant, Walter W. Borland, II ("Borland"), appeals the district court's grant of partial summary judgment in favor of Defendant–Appellee United States of America ("Government"). Borland claims that he is the victim of selective enforcement by the Internal Revenue Service ("IRS"). Because he has not carried his burden of establishing a prima facie case, we AFFIRM the district court's decision.

I

From May 1990 through December 1991, Borland served as the president of Enduroglas Corp. ("Enduroglas"), formerly known as Purity Systems, Inc., and Purity Casket Co. When the financially troubled company stopped receiving a regular infusion of capital from one of its shareholders, Enduroglas became delinquent in paying its payroll taxes. With Borland's knowledge and consent, the company prioritized its creditors "based on [the] immediacy of the impact of not paying a given party," Joint Appendix ("J.A.") at 91 (Borland Dep.), which meant that available funds were used to pay creditors other than the Government.

On August 4, 1994, the IRS made an assessment against Borland, pursuant to the provisions of 26 U.S.C. § 6672, of a 100–percent penalty in the amount of $103,264.33 for his willful failure to collect, truthfully account for, and pay over the federal taxes withheld from the wages of Enduroglas employees during Borland's term as president. On October 6, 1997, Borland made a partial payment of five-hundred dollars to the IRS; he simultaneously sought a refund for that payment and an abatement of the remainder of the assessment. On February 24, 1998, the IRS denied Borland's claim. Borland then

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

brought this refund suit; the Government filed a counterclaim for the unpaid balance of the assessment.

Conceding the assessment to the extent that it related to December of 1991, when Borland was terminated from Enduroglas, the Government filed a motion for partial summary judgment as to Borland's liability for the fourth quarter of 1990 and the remainder of 1991. In opposing summary judgment, Borland did not dispute the facts that established his tax liability, but raised as a defense the claim that the IRS had selectively enforced 26 U.S.C. § 6672 against him because of his alleged homosexuality. He based this claim on the disclosure pursuant to a Freedom of Information Act ("FOIA") request of an IRS document that redacted information that indicated Borland was a homosexual[1] and the fact that the Government would not allow a deposition witness to testify as to whether the IRS had contemplated other responsible parties.

After hearing oral argument, the district court granted the Government's motion for partial summary judgment, holding that Borland had not proved the existence of a genuine issue of material fact regarding his selective enforcement defense. *Borland v. United States*, 125 F.Supp.2d 212, 218 (E.D.Mich.2000). The district court then entered a judgment in favor of the Government, disposing of all claims in a

final order. *Borland v. United States*, 2000 WL 1141821, at *1 (E.D.Mich. July 10, 2000). This timely appeal followed.

## II

We review de novo a district court's grant of summary judgment. *See Nichols v. United States*, 260 F.3d 637, 641 (6th Cir.2001). Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We construe the evidence and draw all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party. *Meyers v. IRS (In re Meyers)*, 196 F.3d 622, 624 (6th Cir.1999). However, if "the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party," we will affirm the grant of summary judgment. *Id.* (quoting *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995)).

We repeat that Borland does not contest the IRS's determination that he is a responsible person under 26 U.S.C. § 6672. However, he claims that the IRS violated his constitutional right to due process by selectively enforcing § 6672 against him. To prevail on a claim of selective enforcement, a plaintiff must establish three elements:

---

1. In May 1996, Borland requested and received, under FOIA, an investigation history completed by Alan P. Belkonen, a revenue officer for the IRS. *Borland v. United States*, 125 F.Supp.2d 212, 218 & n. 12 (E.D.Mich. 2000). The entry for September 18, 1992, was redacted or "whited-out." *Id.* at 218. In October 1999, Borland obtained the same report in response to a request for documents in conjunction with Belkonen's deposition. *Id.* & n. 13. This copy contained the full entry for September 18, 1992, which read:

   P/C from PAUL DATTANI—CID Detroit @ 226–2037—He has an informant—looking for a reward who claims that Borland is

living in California—with some people, is a homosexual, is employed using his father's SSN (a possible 5 year felony) and he bled, embezzled, STOLE funds—trust funds from the corporation—causing the bankruptcy. Borland is supposedly in San Francisco. He will get back with me when [and] if he gets a second call.

*Id.* at 218 n. 14. Borland contends that the redaction of this entry in the copy that he received pursuant to his FOIA request was an "apparent and deliberate attempt to conceal this information" and thus indicative of selective enforcement. J.A. at 150.

First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir.2000) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.), *cert. denied*, 499 U.S. 980, 111 S.Ct. 1633, 113 L.Ed.2d 729 (1991)). The first element requires "at least a *prima facie* showing that similarly situated persons outside [his] category were not prosecuted." *Id.* (quoting *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir.1997), *cert. denied*, 523 U.S. 1118, 118 S.Ct. 1796, 140 L.Ed.2d 936 (1998)). A plaintiff must present clear evidence of selective prosecution to overcome the strong presumption that state actors properly discharged their official duties. *Id.*

Borland argues that the facts support his claim of selective enforcement. He presents as evidence 1) the redaction of an informant's statement in an IRS investigation report that Borland was a homosexual, and 2) the allegation that other responsible persons could have been found more easily. We conclude that these facts are insufficient to satisfy the demanding standard for a selective enforcement claim, which we have previously characterized as a "heavy burden." *Schehl v. Comm'r*, 855 F.2d 364, 367 (6th Cir.1988) (quoting *United States v. Hazel*, 696 F.2d 473, 474 (6th Cir.1983)).

First, Borland has offered no evidence, direct or indirect, that the IRS intentionally singled him out because of his alleged homosexuality. Neither the redaction of the investigation history nor the alleged failure to hold other responsible persons liable, even when viewed in conjunction, would support such a finding. Moreover, the record is completely void as to whether the IRS has failed to enforce 26 U.S.C. § 6672 against similarly situated heterosexual individuals. Borland has also failed to demonstrate that the IRS was motivated by a discriminatory purpose or had a discriminatory effect in enforcing the tax laws against him. We find no basis for inferring the animus that would support a claim of selective enforcement.

### CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.