**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 07a0753n.06
Filed: October 23, 2007
No. 06-3414

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff, Appellee*

On Appeal from the United States District
Court for the Southern District of Ohio

v.

DANNY E. BURKE,
  *Defendant, Appellant*

_____/

**BEFORE: BOGGS, Chief Circuit Judge, KENNEDY, Circuit Judge, and JORDAN, District Judge.**[*]

**KENNEDY, Circuit Judge.** Defendant Danny E. Burke appeals his sentence of twenty-four months of imprisonment and three years of supervised release for possession of child pornography. He argues that the district judge (1) engaged in impermissible judicial fact-finding in violation of his Sixth Amendment rights, (2) erred in finding specific offense characteristics that supported enhancements under the Sentencing Guidelines, (3) improperly imposed a sex offender registration requirement as a condition of his supervised release, and (4) erred in denying his motion to suppress. Because we find that the district court did not err and the sentence imposed is reasonable, we **AFFIRM**.

**BACKGROUND**

---

[*]The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

Defendant Danny E. Burke pleaded guilty to possession of child pornography on April 26, 2005. A written plea agreement was accepted by the court and a Statement of Facts was read into the record at the plea hearing. Burke acknowledged that this statement was accurate. J.A. at 122-26.

The Statement of Facts reflects that on January 9, 2004, federal agents searched Burke's residence under the authority of a search warrant issued on probable cause that Burke possessed child pornography in the home. Burke returned to his residence while the agents were conducting the search and agreed to be interviewed. When shown two child pornographic images that had been used in the search warrant affidavit, Burke acknowledged seeing the images on his computer. Burke stated that he started collecting child pornography with peer-to-peer software in February 2003. He also admitted that he possessed pornographic movie files in which the sexual penetration of children is plainly visible. Burke's computers were seized and sent to a forensic facility where they were examined by an expert. The analysis revealed 314 images of minors engaged in sexually explicit conduct, including minors under the age of twelve. J.A. at 124-25.

On December 15, 2004, Burke was charged with three counts of transportation and possession of child pornography. On April 26, 2005, Burke pleaded guilty to Count 2, Possession of Child Pornography in violation of 8 U.S.C. § 2252(a)(4)(b) and § 2252(b)(2). The remaining charges were dismissed under the written plea agreement.

The United States Probation Officer conducted a presentence investigation and submitted a Presentence Report ("PSR") to the court. To avoid ex post facto issues, the PSR applied the 2003 Edition of the Sentencing Guidelines Manual to calculate a total offense level of 24 and a criminal history category of I. The PSR recommended a guideline imprisonment range of 51 to 63 months. J.A. at 141-45. The PSR included enhancements to the base offense level for the following specific

offense characteristics: images involving a prepubescent minor or minor under the age of twelve, the use of a computer to commit the offense, images portraying sadistic or masochistic conduct, and images more than 300 but less than 600 in number.

During a sentencing hearing on February 9, 2006, Burke objected to the inclusion of each of the specific offense characteristics, except for his use of a computer in the offense. After considering the evidence, the district court made findings consistent with the PSR. The district court considered the sentencing factors in 18 U.S.C. § 3553(a) and ultimately sentenced Burke to twenty-four months of imprisonment and three years of supervised release. As a condition of his supervised release, the district court required Burke to register as a sex offender. This timely appeal followed.

**ANALYSIS**

When considering sentencing decisions, we review the district court's factual findings for clear error while reviewing the district court's conclusions of law de novo. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). We review the district court's application of the United States Sentencing Guidelines de novo. *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005).

**I.**

Burke argues that the district court erred in determining his Sentencing Guidelines calculation. First, he argues that under *United States v. Booker*, 543 U.S. 220 (2005), the district court violated his Sixth Amendment rights by basing his Sentencing Guidelines calculation on judge-found facts instead of his own admissions or findings by a jury beyond a reasonable doubt. Second, Burke objects to the district court's findings of fact substantiating enhancements for the specific offense characteristics of: (1) images involving minors under the age of twelve engaged in sexually

3

explicit conduct, (2) images exceeding 300 but not more than 600 in number, and (3) images portraying sadistic or masochistic conduct or other depictions of violence. We will address each of his arguments in turn.

## A. Judicial Fact Finding

Burke's argument that the district court engaged in impermissible judicial fact finding in violation of *Booker* is without merit. As an initial matter, *Booker* "did not eliminate judicial factfinding." *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006). Rather, "[i]t is clear under the law of this Circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence." *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006). "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233. In sum, so long as the sentencing guidelines are treated as advisory and not mandatory, *Booker* does not bar the district court from fact finding using a preponderance of the evidence standard for sentencing calculations. *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006).

Here, the record clearly indicates that the district court properly considered the Guidelines advisory. The significant variance in Burke's actual sentence below the recommended sentencing guideline range further indicates that the district court did not consider itself bound by the Guidelines.

Burke argues that "any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," *Booker*,

543 U.S. at 244. While this a true statement of the law, the statutory maximum for possession of child pornography is ten years of imprisonment and three years of supervised release. 18 U.S.C. § 2252(b)(2). Burke was sentenced to only two years of imprisonment and three years of supervised release. Because the judge-found facts did not increase Burke's sentence beyond "the maximum authorized by the facts established by a plea of guilty," *Booker*, 543 U.S. at 244, i.e., possession of child pornography, they did not need to be proven beyond a reasonable doubt. Accordingly, we find no *Booker* violation.

## B. Specific Offense Characteristics

In calculating the advisory guidelines range for sentencing, the district court added enhancements based on its determination of the number and nature of prohibited images found in Burke's possession. First, the district court applied the two level enhancement of USSG § 2G2.4(b)(1)[1] because the offense involved images of minors under the age of twelve. Second, the district court added the four level enhancement of USSG § 2G2.4(b)(5)[2] because the offense involved between 300 and 600 images of child pornography. Third, the district court increased the offense level by four under USSG § 2G2.4(b)(4)[3] because the offense involved material portraying sadistic or masochistic acts or other depictions of violence.

The district court properly calculated Burke's guidelines range as the facts necessary to support each of the enhancements were either admitted by Burke or found by a preponderance of the

---

[1]Because the instant offense occurred on January 9, 2004, the 2003 Guidelines Manual was use d in this case. This section has been renumbered in the current edition of the Guidelines Manual as § 2G2.2(b)(2).

[2]Renumbered in current Guidelines Manual as § 2G2.2(b)(7)(C).

[3]Renumbered in current Guidelines Manual as § 2G2.2(b)(4).

evidence by the district court. By affirming the accuracy of the Statement of Facts read into the record at the plea hearing, Burke admitted that he had possessed images involving minors under the age of twelve engaged in sexually explicit conduct, J.A. at 125-26; he had possessed at least 314 images of minors engaged in sexually explicit conduct, *id.* at 125-26; and he had possessed child pornographic movie files in which sexual penetration was plainly visible. *Id.* at 124-25. At the sentencing hearing, Burke again affirmed the accuracy of the Statement of Facts, *id.* at 63, and further acknowledged that four of the images depicted adult males or animals penetrating minors under the age of twelve. *Id.* at 66-67. The PSR prepared by the Probation Officer also reflected these facts. Moreover, the Probation Officer testified at the sentencing hearing that the four images depicting sexual penetration of children by adult males or animals were sadistic or masochistic in her professional opinion. *Id.* at 69.

In his argument against application of the sentencing enhancement for sadistic or masochistic images, Burke does not deny that the images depict the sexual penetration of children; rather, he argues that the images could have been altered by adding adults or animals that were not present at the time the photos were taken. We fail to see, however, why alteration of the images in this way would lead to a finding that they do not in fact portray sadistic or masochistic conduct or other depictions of violence. Burke does not argue that the children depicted in the images were digitally created, which would implicate the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). Nor does he argue that the images of the children are not sexually explicit. Instead, Burke argues that the district court cannot properly enhance his sentence under USSG § 2G2.4(b)(4) unless it finds by a preponderance of the evidence that the sadistic or masochistic

6

conduct depicted in the image actually occurred, i.e., by finding that the photo has not been altered. We find no such requirement in the Guidelines.

Even if such a requirement existed, Burke's defense expert merely testified at the sentencing hearing that photos generally could be altered by photo editing programs like Adobe Photoshop. J.A. at 71-72. He did not give an opinion as to whether the specific images at issue had been altered nor did he testify that he had even viewed them. Mere speculation is insufficient to create a preponderance of the evidence.

Because the facts necessary to support application of each of the enhancements were admitted by Burke and substantiated in the PSR, we find that the district court did not clearly err in calculating Burke's Sentencing Guidelines range.

## II.

Burke also objects to the district court's imposition of sex offender registration as a condition of his supervised release based on arguments of due process and application of Ohio state law. We review imposition of a supervised release condition for abuse of discretion. *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006).

First, Burke argues that he was denied due process because the registration requirement was imposed without notice or an opportunity to be heard. We find this argument to be wholly without merit. While neither the plea agreement nor the PSR mention a sex offender registration requirement, Burke did receive adequate notice that such a condition would be imposed as part of his sentence. At the time Burke committed the offense, and throughout his sentencing, 18 U.S.C. § 3583 required any person convicted of a sex offense as described in 18 U.S.C. § 4042(c)(4) to register as a sex offender as a mandatory condition of supervised release. 18 U.S.C. § 3583

7

(amended 1997). During this time, 18 U.S.C. § 2252(a)(4)(B) was listed as a qualifying sex offense under § 4042(c)(4). 18 U.S.C. § 4042(c)(4)(C) (prior to July 27, 2006 amendment). Therefore, Burke was on notice that registration as a sex offender could be imposed as part of his sentencing. Burke also received a hearing on the issue. At the sentencing hearing, the district court listened to Burke's argument that he should not have to register as a sex offender because the requirement is discretionary under Ohio law for those convicted of mere possession of child pornography. The district court was not persuaded and adopted the recommendation of the government. Because Burke received both notice and an opportunity to be heard on the imposition of a sex offender registration requirement, we find that he was afforded all the process he was due on this sentencing issue.

Second, Burke argues that Ohio state law should govern whether he should be required to register. As Burke was convicted under a federal statute for a federal crime, we fail to see how this argument follows. Even if this argument were convincing, imposition of a sex offender registration requirement would still be within the court's discretion. Burke pleaded guilty to the sex offense of possession of child pornography. Under the 2003 Sentencing Guidelines Manual, registration as a sex offender was a mandatory condition of supervised release for such an offense. U.S. Sentencing Guidelines Manual § 5D1.3(a)(7)(2003). Therefore, we find that the district court did not abuse its discretion by ordering Burke to register as a sex offender as a condition of his supervised release.

**III.**

Finally, Burke challenges the district court's denial of his motion to suppress. He argues that the information contained in the affidavit in support of the issuance of the warrant for search of his residence was stale. Burke, however, is barred from raising this argument against his conviction on

appeal because his guilty plea was not conditional. *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991). Furthermore, Burke also admitted by accepting the Statement of Facts that the search warrant he now questions was issued based on a showing of probable cause to believe that he possessed child pornography. Thus, we find that Burke's challenge of the denial of his motion to suppress is barred.

## IV.

For the foregoing reasons, the district court's imposed sentence is **AFFIRMED**.