NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0189n.06

No. 20-5686

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 14, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHN C. HELTON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. John Helton appeals the district court's determination, after a bench trial, that his federal tax debts were not dischargeable in bankruptcy because Helton had willfully evaded paying them. We reject Helton's arguments and affirm.

Helton has been a self-employed attorney practicing law since 1994. His income fluctuated over the years, approaching $100,000 in the late 1990s but spiking to $178,913 in 2004, $250,536 in 2005, and $234,359 in 2006, before declining to about $60,000 in 2007. But Helton failed to make any estimated tax payments for those years, and did not even file tax returns for years 2004-06 until several years later. And even after Helton filed his returns, he made minimal payments toward his tax debts for those years and (later) for the years 2009 and 2012.

Meanwhile, Helton enjoyed a comfortable lifestyle, driving a Mercedes-Benz sedan, purchasing numerous luxury gifts for his wife, eating at restaurants "almost every day," enjoying annual vacations, and spending (along with his wife) an average of $10,000 per month on

discretionary purchases during some of the years at issue. Helton also donated about $34,000 to charity during the years in which he failed to pay his taxes, and in 2014 spent an unspecified sum in support of his successful campaign to become a part-time state-court judge.

The United States brought this suit in February 2017, seeking to reduce to judgment its assessments against Helton for the years 2004-07, 2009, and 2012, among other requested relief. Helton filed for bankruptcy two months later. The district court then stayed this case until October 2017, when the bankruptcy court entered an order generally discharging Helton's debts, thereby lifting the stay.

The issue here is whether Helton's tax debts were nondischargeable under the Bankruptcy Code, specifically 11 U.S.C. § 523(a)(1)(C). That provision excepts from discharge any tax debt "with respect to which the debtor . . . willfully attempted in any manner to evade or defeat such tax." The district court held a bench trial after which it found that Helton had done precisely that for the years 2004-07, 2009, and 2012. The district court thereafter entered judgment in favor of the United States in the amount of $347,479 for Helton's unpaid taxes during those years.

We review the district courts factual findings for clear error and its interpretation of § 523(a)(1)(C) de novo. *See Atkins v. Parker*, 972 F.3d 734, 739 (6th Cir. 2020). As interpreted by the caselaw, § 523(a)(1)(C) has both a "conduct requirement" and a "mental state requirement." *In re Gardner*, 360 F.3d 551, 558 (6th Cir. 2004). The conduct requirement is met if the government proves that the taxpayer engaged in "acts of omission" or "acts of commission" that themselves amounted to an attempt to evade paying taxes. *Id.* at 557. Here, Helton does not dispute the district court's finding that his failure to file tax returns and to pay most of his taxes owed for the relevant years satisfied the conduct requirement of § 523(a)(1)(C).

That leaves the mental-state requirement, which is met if the government proves that the taxpayer "(1) had a duty to pay taxes; (2) knew he had such a duty; and (3) voluntarily and intentionally violated that duty." *Id*. at 558. Helton concedes that he knew he had a duty to pay taxes for the years at issue here, which leaves only the question whether he voluntarily and intentionally violated that duty. That element is met when the taxpayer has "the financial means to meet his outstanding tax liabilities" but makes "a conscious decision not to apply" those monies "toward his tax debt." *Id*. at 560-61. Here, Helton's discretionary spending—lavish when compared to the pittance he allocated toward his taxes—amply supported the district court's finding that Helton's violation of his duty to pay taxes was voluntary and intentional. *See Gardner* at 561; *compare U.S. v. Storey*, 640 F.3d 739, 745 (6th Cir. 2011) (holding this element was not met because "there is no evidence that Storey lived lavishly during the years she did not pay her taxes, or that she chose to engage in recreational or philanthropic activities instead of paying her taxes").

Helton barely disputes that finding, asserting that he was too busy with work or too depressed during some of the years at issue to pay his taxes. The district court did not clearly err when it found those excuses belied by Helton's ability to maintain his law practice and to run successfully for election as a state-court judge.

Helton's principal argument, rather, is that § 523(a)(1)(C) requires proof that the debtor acted with "specific intent to evade the tax." *Hawkins v. Franchise Tax Bd.*, 769 F.3d 662, 670 (9th Cir. 2014). Thus, in Helton's view, the government was required to prove not only that Helton chose to allocate his funds toward Mercedes-Benz sedans and dinners out each night and luxury gifts, rather than towards his taxes; instead, the government was required also to prove that he purchased or paid for those things specifically to avoid paying his taxes. Regardless of whether

that is the law in the Ninth Circuit, it is not the law in this one, as shown above. *See, e.g., Gardner*, 360 F.3d at 561; *accord In re Feshbach*, 974 F.3d 1320, 1331 (11th Cir. 2020); *United States v. Coney*, 689 F.3d 365, 374 (5th Cir. 2012); *In re Fegeley*, 118 F.3d 979, 984 (3d Cir. 1997). We therefore reject his argument.

The district court's judgment is affirmed.