In re Richard & Stephanie
GEIGER, Debtors.

Richard A. Geiger, Debtor–Appellant,

v.

Internal Revenue Service, Appellee.

Bankruptcy No. 05–87505.
Adversary No. 06–8062.
Civil No. 08–1340.

United States District Court,
C.D. Illinois.

June 15, 2009.

Sumner A. Bourne, Rafool & Bourne PC, Peoria, IL, for Debtor–Appellant.

Gerard A. Brost, U.S. Atty., Peoria, IL, for Appellee.

### ORDER

MICHAEL M. MIHM, District Judge.

This matter is now before the Court on Appellant, Richard Geiger's ("Geiger"), Appeal from the Order of the Bankruptcy Court denying his request to discharge certain pre-petition tax liabilities. For the reasons stated herein, the decision of the Bankruptcy Court is AFFIRMED.

### Procedural Background

On November 10, 2005, Geiger and his wife commenced their bankruptcy case by filing a petition under Chapter 7 of the Bankruptcy Code. Among their debts were pre-petition tax liabilities to the Internal Revenue Service for tax years 1993, 1995, 1997, 1998, 2000, and 2001. The tax returns for the years 1993, 1995, 1997, and 1998 were filed by Geiger individually. The returns for the years 2000 and 2001 were filed jointly by Geiger and his wife. The Geigers then filed the declaratory adversary proceeding that is the subject of this appeal, seeking a determination that these tax liabilities were dischargeable. Following a trial on December 4, 2007, the Bankruptcy Court for the Central District of Illinois, Peoria Division, entered an Order denying the discharge of the tax debt for all years except for the year 2000 as to Mrs. Geiger and the year 2001 as to both debtors. This appeal follows by Geiger with respect to the decision denying the dischargeability of the tax debt for 1993, 1995, 1997, 1998, and 2000.

### Jurisdiction and Standard of Review

■ This Court has jurisdiction to review the decision of the Bankruptcy Judge pursuant to 28 U.S.C. § 158(a). District courts are to apply a dual standard of review when considering a bankruptcy appeal. The findings of fact of the Bankruptcy Judge are reviewed for clear error, while the conclusions of law are reviewed *de novo. In re Midway Airlines*, 383 F.3d 663, 668 (7th Cir.2004); *In re Smith*, 286 F.3d 461, 465 (7th Cir.2002); *In re Yonikus*, 996 F.2d 866, 868 (7th Cir.1993); *In re Ebbler Furniture and Appliances, Inc.*, 804 F.2d 87, 89 (7th Cir.1986); *see also*, Bankruptcy Rule 8013 (West 1995).

### Discussion

Geiger presents two issues on appeal: (1) Whether the bankruptcy court erred in its finding of fact that the Plaintiff–Appellant willfully attempted to evade the income taxes at issue pursuant to 11 U.S.C. § 523(a)(1)(C); and (2) Whether the bankruptcy court erred in its finding of fact that the IRS presented sufficient evidence at trial to carry its burden of proof under the required elements of 11 U.S.C. § 523(a)(1)(C)? Each issue will be addressed in turn.

■ In a Chapter 7 proceeding, all pre-filing liabilities of the debtor are discharged except as provided in § 523, which provides in relevant part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for a tax or a customs duty ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C). The party claiming the exception to dischargeability bears the burden of proving by a preponderance of the evidence that the debt is not dischargeable. *In re Bero*, 110 F.3d 462, 465 (7th Cir.1997).

■ Here, the IRS did not assert that Geiger filed a fraudulent return. Rather, the IRS claims that he "willfully attempted to evade or defeat" his tax obligations for these years. This provision imposes both a conduct requirement of attempting to evade or defeat tax liability and a willful mental state. *In re Birkenstock*, 87 F.3d

947, 951 (7th Cir.1996). With respect to the conduct requirement, it is well-established that the nonpayment of tax alone is not enough to bar discharge of the tax liability. *Id., citing* In *re Haas*, 48 F.3d 1153, 1158 (11th Cir.1995). That being said, "where nonpayment is coupled with a pattern of failing to file tax returns, or where a defendant takes other measures to conceal assets or income from the IRS, a court may reasonably find that the debtor sought to 'evade or defeat' his tax liabilities." *Id.*, at 951–52. Several situations are considered to be indicative of an attempt to evade taxes: (1) understatement of income; (2) extensive dealings in cash; (3) inadequate record keeping; (4) intrafamily transfers for insufficient consideration; (5) failure to acquire significant assets relative to earnings; and (6) an extravagant lifestyle. *In re Hannu*, 356 B.R. 263 (Bankr.S.D.Fla.2006).

■ To satisfy the required mental state, the debtor must both "(1) know that he has a tax duty under the law, and (2) voluntarily and intentionally attempt to violate that duty." *Id.*, at 952, *citing In re Bruner*, 55 F.3d 195, 197 (5th Cir.1995). Courts have adopted factors to be considered in evaluating this type of claim: (1) recurrent understating income; (2) maintaining inadequate records; (3) failing to file tax returns; (4) giving implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failing to cooperate with tax authorities; (7) engaging in illegal activities; (8) attempting to conceal illegal activities; (9) dealing in cash; (10) failing to make estimated tax payments; (11) transferring assets to family members; (12) transferring assets for insufficient consideration; (13) transfers that greatly reduced assets subject to IRS execution;

and (14) transfers in the face of serious financial difficulties. *In re Fliss*, 339 B.R. 481, 486–87 (Bankr.N.D.Iowa 2006); *In re Spivak*, 285 B.R. 744, 751 (S.D.Fla.2002). No single factor is determinative, as the totality of the circumstances must be considered. *Id.* However, the presence of multiple factors can give rise to a rebuttable presumption of willful evasion. *In re Peterson*, 317 B.R. 556 (Bankr.N.D.Ga. 2004).

■ Geiger failed to file timely returns in 1993, 1995, and 1997. At trial, Geiger testified that he knew that he had an obligation to file these income tax returns and that he knew he would owe income tax for each of these years. Nevertheless, he made no attempt to file these returns until 1999 and included no payment of tax owed with any of these returns. His 1998 return was timely filed, but was not accompanied by any payment of tax owed.

The Bankruptcy Court found that Geiger's failure to file the 1993, 1995, and 1997 returns could not be cured by the late filing in 1999. With respect to Geiger's 1998 return, the Bankruptcy Court found that although the return was timely filed, the failure to pay any taxes for the sixth year in a row was a strong indication that 1998 was just another year in an ongoing pattern of evasion. For tax year 2000, Geiger admittedly paid estimated tax payments totaling $56,252 toward his $324,483 liability. However, given the enormity of his financial windfall that year, the Bankruptcy Court concluded that the failure to make any additional effort to pay the tax due evidenced a conscious disregard for his known tax liabilities, particularly as he had nearly $500,000 in spending that he could not account for.[1] The Bankruptcy

---

1. Geiger claims that the fact that he cannot explain where this money went should not be held against him, as the majority of his records were seized by the SEC during its investigation. However, he was presented with copies of his own bank records, admitted that

Court further concluded that his repeated failure to file, coupled with his failure to pay the taxes owed and extravagant spending on non-necessary items, established an attempt to evade tax obligations for those years. These findings are supported by *Birkenstock*, 87 F.3d at 951–52, and *In re Volpe*, 377 B.R. 579 (Bankr. N.D.Ohio 2007).

Geiger argues that he failed to file because he was addicted to cocaine and was unable to pay the tax due. However, the record indicates that he stopped using cocaine after his marriage in 1998. He then made $145,956 in 1998, $282,419 in 1999, and $834,339 in 2000, yet made no attempt to make any tax payments on these amounts despite receiving notices of assessment, notices of levy, and delinquency notices.

 Geiger further asserts that the fact that he filed his 1998 return on time and made substantial payments toward his tax debt for the 1999 and 2000 tax years show his good faith. Whether he was being dishonest or acting in bad faith is not the issue, as the IRS does not have to show bad faith or specific fraudulent intent. *In re Lynch*, 299 B.R. 62 (Bankr. S.D.N.Y.2003). Rather, the relevant inquiry is whether the debtor acted knowingly and deliberately as opposed to having made an inadvertent mistake. *In re Birkenstock*, 87 F.3d at 952. The payments that Geiger did make did not attempt to address the old tax debt, but rather addressed only new 1999 and 2000 tax liability. Furthermore, even when he reaped an unexpected windfall and had a gross income in excess of $1,000,000 in 1999–2000,

he made no attempt to repay the back taxes that he knew he owed and paid only 6% of his income toward satisfying his current tax liability. He then submitted no payment with his 2000 tax return, despite the fact that it showed a balance due of $268,231. Instead, he bought a Cadillac, purchased a new house that he titled in the names of his wife and mother, paid for more than $75,000 in renovations and improvements to this house, and transferred money to family members that he claimed to be in need of financial assistance. *See In re Volpe*, 377 B.R. at 588–89 (finding that when a debtor uses disposable income for leisure activities, knowing that he has a significant tax liability, he has made a voluntary decision to spend the money on himself rather than pay his taxes and that placing title to property in which he clearly had an interest in the name of another person weigh in favor of finding willfulness.)[2]

For the tax years at issue in this case, the record clearly evidenced a pattern of failing to timely file and/or make any real effort to pay taxes due even when Geiger had substantial income with which to do so. Instead of applying his income to his tax debt, he made extravagant purchases of non-necessities and gave monetary gifts to relatives. He also paid a substantial portion of the purchase price on a new home that he later paid more than $75,000 to renovate, yet he did not place his name on the home's title. Again, "where non-payment is coupled with a pattern of failing to file tax returns or where a defendant takes other measures to conceal assets or income from the IRS, a court may reasonably find that the debtor sought to

---

his spending was "completely amazing and ridiculous," and could not even give a general idea of what categories of expenses might have been incurred during that time.

2. The Bankruptcy Court contrasted this conduct with the Geigers' payment of $12,000 towards their tax liability in 2001 when their income was precipitously less, concluding that the IRS could not show a willful attempt to evade taxes for the 2001 tax year.

## 793

'evade or defeat' his tax liabilities." *In re Birkenstock*, 87 F.3d at 951–52.

■ There is simply nothing in this record that would suggest that Geiger's failure to timely file his tax returns for the years in question or to make any attempt to pay the past due amounts for these years despite his substantial income was anything other than a knowing and deliberate decision on his part. The record is devoid of evidence suggesting that this conduct was simply an unknowing mistake or inadvertence as would be required to properly avoid the exception to dischargeability under § 523(a)(1)(C). *See In re Volpe*, 377 B.R. 579 at 587 (finding that the IRS had proven the conduct element based on the debtor's acts of filing tax returns late, failing to pay taxes even though he had enough money to pay for non-necessities, and concealing his interest in a property.) The fact that he attempted to change his ways after getting married and kicking his cocaine habit is commendable, but does not negate the intentional, voluntary, and knowing nature of his earlier conduct. *Id.* (holding that belated and partial compliance with the law does not nullify a debtor's initial failures to file returns and pay any liability); *In re Meyers*, 196 F.3d 622, 625–26 (6th Cir.1999); *In re Jacobs*, 490 F.3d 913, 922 (11th Cir.2007).

Geiger has failed to demonstrate that the factual findings of the Bankruptcy Court are clearly erroneous or that the Bankruptcy Court erred in holding that the IRS had demonstrated that he willfully attempted to evade his tax liabilities by a preponderance of the evidence. In fact, the Bankruptcy Court's factual determinations appear to be well-supported by the record, including the presence of "badges of fraud" for a pattern of failing to file tax returns and pay taxes, excessive expenditures on nonessential items, and placing property in another person's name. There

has likewise been no showing that the Bankruptcy Court made an error of law, as the parties generally agree that the proper legal precedent was used, and Geiger's argument with respect to the application of the law to the facts in this case is simply incorrect. Accordingly, Geiger is not entitled to the relief requested.

### Conclusion

For the reasons stated herein, the Order of the Bankruptcy Court is AFFIRMED. This matter is now TERMINATED.